**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>STRATEGIC FUNDRAISING, INC.<br><br>                      Debtor. | Chapter 7<br>Bankr. Case No. **15-11707-KJC** |
| KODY SCHMITT and STACY A. SPRAGUE, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>        v.<br><br>STRATEGIC FUNDRAISING, INC.<br><br>                      Defendant. | **Adv. Pro. No. _____ - _____** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF
WARN ACT 29 U.S.C. § 2101, _et seq._**

Plaintiffs Kody Schmitt and Stacy A. Sprague ("Plaintiffs") allege on behalf of themselves and a class of similarly situated former employees of Defendant, by way of their Class Action Complaint against Strategic Fundraising, Inc. ("Strategic," "Debtor" or "Defendant") by and through their counsel as follows:

**NATURE OF THE ACTION**

1.      This is a class action for the recovery by Plaintiffs Kody Schmitt, Stacy A. Sprague and other similarly situated employees of the Debtor for damages in the amount of 60 days' pay and ERISA benefits by reason of Debtor's violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act").

2.      The Plaintiffs were terminated as part of, or as the foreseeable result of, mass layoffs or plant shutdowns ordered by the Debtor: the first, on or about January 22, 2015 at its

Springfield, Missouri call center, and the second, on or about June 29, 2015 at its Oshkosh, Wisconsin call center and on information and belief, at other facilities. As such, the Debtor violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Debtor at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Debtor are entitled under the WARN Act to recover from the Debtor 60 days' wages and ERISA benefits, none of which have been paid.

3.      On January 22, 2015, Mr. Schmitt received without advance notice a termination letter stating he would be terminated from the Springfield, Missouri facility effective January 22, 2015.

4.      At that time, Defendant also terminated without notice the employment of approximately 95 other full-time employees at the Springfield call center and closed it.

5.      On June 30, 2015, Ms. Sprague received without advance notice a termination letter stating she was terminated effective June 29, 2015.

6.      At that time, Defendant also terminated without notice the employment of approximately 153 or so full-time employees from the Oshkosh, Wisconsin call center which closed.

7.      On information and belief, Defendant also shut down its headquarters in St. Paul Minnesota and other facilities on or around June 29, 2015 and terminated its employees at those locations without notice.

8.      Until their termination by Defendant, Plaintiffs and other similarly situated persons were employees of Defendant who worked at, received assignments from, or reported to one of Defendant's facilities as that term is defined in the WARN Act.

9.      On January 29, 2015, Plaintiff Kody Schmitt filed a Class Action Complaint against the Debtor in the U.S. District Court for the Western District of Missouri, Case No. 15-cv-03049-MDH.

10.     On July 2, 2015, Plaintiff Stacey A. Sprague filed a Class Action Complaint against the Debtor in the U.S. District Court for the Western District of Missouri, Case No. 15-cv-03291-BCW.

11.     Those cases were pending when the Debtor filed its petition for bankruptcy.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1334 and 29 U.S.C. § 2104(a)(5).

13.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

14.     Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

15.     Plaintiff Kody Schmitt was an employee of Strategic Fundraising, Inc. and worked as a blended call specialist at the Defendant's call center facility located at 3300 South National, Suite 500, Springfield, Missouri (the "Springfield Facility") until his termination on or about January 22, 2015.

16.     Plaintiff Stacy A. Sprague was an employee of Strategic Fundraising, Inc. and worked as a team lead at the Defendant's call center facility located at 350 City Center, Oshkosh Wisconsin (the "Oshkosh Facility") until her termination on or about June 29, 2015.

### *Defendant*

17.    Defendant Strategic Fundraising, Inc. is a Minnesota company and its principal place of business was located at 7800 3rd Street North, Suite 900, St. Paul, Minnesota (the "St. Paul Facility").

18.    Defendant maintained and operated its corporate headquarters at the St. Paul Facility, and operated additional facilities as that term is defined by the WARN Act throughout the United States including, but not limited to, the Springfield Facility and the Oshkosh Facility. (The St. Paul Facility and other facilities are referred to herein as the "Facilities.")

19.    On or about January 22, 2015, Defendant terminated without notice the employment of the approximately 95 employees who worked at its Springfield Facility.

20.    On or about June 29, 2015, Defendant terminated without notice the employment of the approximately 153 employees who worked at its Oshkosh Facility.

21.    On information and belief, on or about June 29, 2015, Defendant terminated without notice the employment of the approximately 60 employees who worked at its St. Paul Facility.

22.    Defendant operated a call center at 1350 North 200 West, Logan, Utah 84341 which, upon information and belief, it shut down without notice on or around June 22, 2015.

23.    On August 13, 2015, Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

### **WARN ACT CLASS ALLEGATIONS**

24.    Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendant's Facilities and were terminated without cause on or about January 22,

2015 or June 29, 2015 and within 30 days of these dates, respectively, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about those dates and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

25.     Plaintiff Kody Schmitt brings his claim specifically on behalf of those members of the WARN Class terminated on or around January 22, 2015 (the "January 22 Subclass").

26.     Plaintiff Stacy A. Sprague brings her claim specifically on behalf of those members of the WARN Class terminated on or around June 29, 2015 (the "June 29 Subclass" and, together with the January 22 Subclass, the "Subclasses").

27.     The Subclasses should be created pursuant to Fed. R. Civ. P. 23(d) or 23(c)(5).

28.     The persons in the WARN Class identified above ("WARN Class Members") and the persons comprising each respective Subclass are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

29.     Upon information and belief, Defendant employed more than 100 full-time employees who worked at or reported to the Facilities during the time periods relevant to the terminations described herein.

30.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

31.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

32.     Common questions of law and fact exist as to members of each of the Subclasses, including, but not limited to, the following:

(a)     whether the members of the respective Subclasses were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)     whether Defendant unlawfully terminated the employment of the members of the respective Subclasses without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

(c)     whether Defendant unlawfully failed to pay the members of the respective Subclasses 60 days wages and benefits as required by the WARN Act; and

(d)     whether Defendant operated as a single-employer with its parents, subsidiaries or affiliates under the WARN Act with respect to the terminations of the Plaintiffs and similarly-situated employees.

33.     The Plaintiffs' claims are typical of those of the WARN Class and the respective Subclasses upon whose behalf they bring their claims.  The Plaintiffs, like other WARN Class members, worked at or reported to Defendant's Facilities and were terminated on or about January 22, 2015 or on or about June 29, 2015 due to the mass layoffs and/or plant closings ordered by Defendant.

34.     The Plaintiffs will fairly and adequately protect the interests of the WARN Class and their respective Subclasses.  The Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

35.    On or about January 22, 2015 and on or about June 29, 2015, Defendant terminated the Plaintiffs' employment as part of mass layoffs or plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

36.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37.    Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

38.    The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

39.    The relief sought in this proceeding is equitable in nature.

40.    Plaintiffs' WARN Act claims accrued within 180 days before the date of the filing of the petition or the cessation of the Defendant's business.

## CLAIM FOR RELIEF

## Violation of the Federal WARN Act

41.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

42.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

43.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

44.     Beginning on or about January 22, 2015 and again on or about June 29, 2015, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(i)

45.     The mass layoffs or plant closings at the Facilities that occurred on or about January 22, 2015, and on or about June 29, 2015 each resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

46.     The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

47.     The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

48.     Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

49.     Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

50.     The Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

51.     Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiffs as Class Representatives and as Representatives of their respective Subclasses;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     An allowed wage priority claim for up to $12,475 of the WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA

benefits, for 60 days, that would have been covered and paid under the then

applicable employee benefit plans had that coverage continued for that period, all

determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A)

or, in the alternative for Ms. Sprague and the June 29 Subclass, a first priority

administrative expense claim against Defendant pursuant to 11 U.S.C. §

503(b)(1)(A)(ii) for a portion of their WARN Act backpay with the balance

treated as wage priority under 11 U.S.C. § 507(a)(4) and (5);

E.    Reasonable  attorneys' fees and the costs and disbursements that the Plaintiffs will

incur in prosecuting this action, as authorized by the federal WARN Act; and

F.    Such other and further relief as this Court may deem just and proper.


Dated: August 27, 2015

_____/s/ Christopher D. Loizides_____
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:        loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for the Plaintiffs and the putative class*