### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| STRATEGIC FUNDRAISING, INC., et al.[1], | : | Case No. 15-11707 (KIC) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Re: Docket Nos. 16, 27 and 28** |

**SUPPLEMENT OF NOGUAR, L.C., PHONE TECHNOLOGIES, INC., THE SHARON O. BANKER TRUST, THE FORREST S. BAKER, III TRUST, FORREST BAKER, III, CORPORATIONS FOR CHARACTER, L.C., FEATURE FILMS FOR FAMILIES, INC. AND STEPPING STONES ENTERTAINMENT, LLC TO MOTION OF NOGUAR, L.C., ET AL. FOR RELIEF FROM THE AUTOMATIC STAY UNDER BANKRUPTCY CODE SECTION 362(d)(1) AND/OR IN THE ALTERNATIVE, IN ADDITION, FOR ABSTENTION**

Noguar, L.C., Phone Technologies, Inc., The Sharon O. Baker Trust, The Forrest S. Baker, III Trust, Forrest Baker, III, Corporations for Character, L.C., Feature Films For Families, Inc. and Stepping Stones Entertainment, LLC (collectively, the "Movants"), by way of Supplement to the Motion of Noguar, L.C. et al. for Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)(1) and/or in the Alternative, in Addition, For Abstention (the "Stay Relief Motion"), states as follows:

### BACKGROUND

1.     On August 13, 2015, CallAssistant, LC ("CallAssistant" or the "CallAssistant Debtor") and Marketing Technologies Group, LLC ("Marketing Technologies" or the "Marketing Technologies Debtor") filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, along with various related parties which have been ordered to be jointly administered under the above-captioned herein (all debtors, collectively, the "Debtors").

---

[1] The Debtors are the following entities:  SFI Holding Company (15-11705), Strategic Fundraising, Inc. (15-11707), CallAssistant, LC (15-11708), CASF Commercial Company, LLC (15-11709), CASF Tech US, LLC (15-11710), CASF Holding Company, LLC (15-11711), Cebu Holding Company, LLC (15-11712), CASF Tech International, LLC (15-11713) and Marketing Technologies Group, LLC (15-11714).

2.      Movants, shortly thereafter, filed the Stay Relief Motion (Docket No. 16).  Fifth Third Bank (the "Bank") and David W. Carickhoff, Chapter 7 Trustee (the "Trustee") filed oppositions to the Stay Relief Motion (Docket Nos. 27 and 28).  Movants thereupon filed a reply to the oppositions of the Bank and the Trustee (Docket No. 34).

3.      A hearing was held in connection with the Stay Relief Motion on September 24, 2015 (see "Transcript" attached hereto as Exhibit "A").  At the conclusion of the hearing, the Stay Relief Motion was continued to October 26, 2015 to allow the parties to confer and see if an amicable resolution of the issues raised in the Stay Relief Motion could be resolved.

4.      As of this date, the parties have conferred, but such efforts have been unsuccessful.

## SUPPLEMENT TO MOTION

5.      In the Stay Relief Motion, among other requests for relief, Movants sought relief clarifying that the automatic stay had no application to the pending litigation against Michael Bills ("Bills"), an individual defendant in the pending Utah State Litigation who has not filed for bankruptcy.

6.      The request for this specific relief (which ordinarily would not be necessary) was made due to a docket entry in the Utah State Litigation which appeared to stay the Utah State Litigation against all parties including Bills, who had not filed for bankruptcy.

7.      It has since been clarified by the Utah State Court that the Utah State Litigation was stayed only as to the parties to that litigation which had filed for bankruptcy and that proceedings against Bills are not subject to a stay. In light of this, the request for relief to clarify that the automatic stay does not apply to Bills is, at this point, moot.  As such, this specific relief is not sought at this time.

{U0140933}                                                    2

8.      Nonetheless, it should be noted that as a result of the Utah State Court allowing the proceedings to continue against Bills, Bills has now filed, in the Utah State Court Litigation, a Motion for Summary Judgment or, in the Alternative, to Stay Proceedings (see "Bill's Motion" attached as Exhibit "B").

9.      In the Bill's Motion, Bills seeks alternatively summary judgment in his favor, or to stay Movants in the Utah State Litigation from proceeding against him personally with respect to various causes of action asserted by the Movants in that litigation.

10.     Among the arguments made by Bills in the Bill's Motion is that summary judgment should be entered in favor of Bills because he asserts (the Movants contend wrongly) that the Definitive Purchase Agreement establishes two mutually exclusive options for the Plaintiff to pursue in the litigation; either seek to resume ownership of CallAssistant LC, or make demand against Bills personal guaranty. Accordingly Bills argues that since Plaintiffs have undisputedly sought to resume ownership of CallAssistant LC, they cannot pursue claims against Bills personally.

11.     Notwithstanding that Bills assertions regarding the allegedly mutually exclusive nature of the relief sought by Movants as it pertains to claims against Bills are both factually and legally wrong, the Bill's Motion does highlight that among the relief sought by Movants is a declaration as to the rightful ownership interests of the CallAssistant Debtor, together with all of its assets and operations pursuant to Paragraphs 2(B)(1) and 4L of the Definitive Purchase Agreement referenced in the Stay Relief Motion.[2]

---

[2] When the Debtors initially filed their bankruptcy schedules and statements of financial affairs (the "Schedules and Statement(s)"), the Schedules and Statements filed by the CallAssistant Debtor and the Marketing Technologies Debtor were essentially identical.  Importantly, both CallAssistant and Marketing Technologies listed identical assets on their respective schedules.  On October 13, 2015, the CallAssistant Debtor and the Marketing Technologies Debtor filed Amended Schedules and Statements (the "Amended Schedules and Statements" at Docket No. 53 and 56).  Now, CallAssistant claims it owns $0 assets while Marketing Technologies owns the assets previously scheduled by both CallAssistant and Marketing Technologies (with a slight variation in the amount

12.    Indeed, the very real issue relating to the true ownership of the CallAssistant Debtor raises serious issues relating to the legitimacy of the CallAsssitant bankruptcy filing (and that of its affiliate Marketing Technologies) in the first place. If the Movants are determined, in the Utah State Litigation, to be the owners of CallAssistant (and the assets it held), it would be difficult, if not impossible to escape the conclusion that the bankruptcy filing by CallAssistant (and its affiliate Marketing Technologies) were either improperly authorized and/or constitute a bad faith filing meant to impede/obstruct the relief sought by the Movants in the Utah State Litigation enforcing the provisions of the Definitive Purchase Agreement mandating reversion of CallAssistant to Movants. In such instance, these improperly instituted chapter 7 bankruptcy proceedings, should be dismissed.  See, e.g., In re Dewey Commercial Investors, L.P., 503 B.R. 643 (Bankr. E.D. Pa. 2013) finding that a chapter 11 petition was not filed in good faith, warranting its dismissal, where it did not have a valid reorganization purpose, but instead was filed to prevent the transfer of ownership of the partnership, inclusive of the debtor's partnership interest, to another limited partner.

13.    Similarly, as in Dewey Commercial Investors, the CallAssistant and Marketing Technologies debtors filed these chapter 7 liquidation cases (not having any reorganization purpose or any other legitimate purpose) only to avoid an adverse ruling in the Utah State Litigation resulting in reversion of the CallAssistant business to Movants.  Essentially, then, the Call Assistant and Marketing Technologies debtors, by filing the chapter 7 petitions,  seek to liquidate assets which Movants contend belong to them.

---

specified for security deposits held by landlord, etc.). It is the Noguar parties' position that CallAssistant and Marketing Technologies are alter egos. They are one and the same, notwithstanding any separate "corporate" identities.  The initially filed Schedules and Statements, now replaced by the recent "Amended Schedules and Statements", merely highlights this fact.  The Noguar parties reserve any and all rights, claims or other arguments in that regard, including, but not limited to, bad faith and fraudulent conveyance claims.

14.     As a result (while the Utah State Litigation is held in abeyance due to the automatic stay), the Trustee continues to administer these bankruptcy estates, seeking various relief to abandon property, employ professionals, and most recently to continue the Debtors' businesses (on a limited basis) to employ certain of these Debtors' former employees; notwithstanding Movants contention that the assets the Trustee is administering rightfully belong to the Movants. In a case somewhat similar, where the controversy was essentially a private dispute between competing interests over "ownership" of the debtor, the bankruptcy court in In re Fax Station, Inc., 118 B.R. 176 (D. Rhode Island 1990) abstained from hearing the bankruptcy petition filed by the person claiming authority to act on behalf of the debtor corporation, and dismissed the case to allow a pending state court receivership action to proceed.

15.     This Court has already stated on the record that it does not intend to determine the issues involved in the Utah State Litigation.  See Transcript at page 13.  This Court has also raised the issue as to whether this filing was a "litigation tactic" which may constitute a bad faith filing. See Transcript at page 13. Under these circumstances, it is clear that there is an immediate need for the stay to be lifted to allow the Utah State Litigation to proceed in the Utah State Court for a final determination as to the rightful ownership of CallAssistant (and the assets it held) before the CallAssistant and Marketing Technology bankruptcy cases move forward..

16.     Specifically, if it is determined by the Utah State Court that Movants are indeed the rightful owners of the CallAssistant Debtor (and the assets it held) resulting in a determination by this Court that the bankruptcy filing was unauthorized and/or in bad faith and should be dismissed, the proceedings now taking place in the bankruptcy forum for these entities will not only be for naught, but indeed will likely cause irreparable harm to the Movants.

17.     In such instance, it would be wholly inequitable to Movants and a waste of resources for the Trustee to proceed with the administration of these bankruptcy cases.

18.     In sum, while the Movants need immediate stay relief from the Standstill Agreement (as previously argued) to protect the Technology and Movants rights to that Technology, the Movants file this Supplement to reassert that the automatic stay should be lifted as to the Utah State Litigation, in its entirety, so that the respective rights of the parties as to all issues can be promptly and expeditiously determined by the Utah State Court where this litigation has been ongoing for over two tears and was on the eve of trial.

WHEREFORE, the Movants withdraw their request regarding a clarification of the stay as having no application to the pending litigation against Michael Bills, but respectfully requests that all of the remaining relief in the Stay Relief Motion be granted at this time.

Dated:  October 19, 2015          By:     */s/ Tara L. Lattomus*
                                          Tara L. Lattomus, Esquire (Bar No. 3515)
                                          Eckert Seamans Cherin & Mellott, LLC
                                          222 Delaware Street, 7th Floor
                                          Wilmington, Delaware 19801
                                          Telephone: (302) 574-7403
                                          Fax:  (302) 574-7401
                                          tlattomus@eckertseamans.com

                                          and

                                          Luke McGrath, Esquire
                                          DUNNINGTON, BARTHOLOW & MILLER LLP
                                          1359 Broadway, Suite 600
                                          New York, New York 10018
                                          Telephone: 212-682-8811
                                          Facsimile: 212-661-7769
                                          lmcgrath@dunnington.co