# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| STRATEGIC FUNDRAISING, INC., *et al.*[1],: | | Case No. 15-11707 (KIC) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Re:    Docket Nos. 16, 27, 28, 34, 60, 68, 69 |

Hearing Date: October 26, 2015 @ 11:00 a.m.

**REPLY OF NOGUAR, L.C., PHONE TECHNOLOGIES, INC., THE SHARON O. BANKER TRUST, THE FORREST S. BAKER, III TRUST, FORREST BAKER, III, CORPORATIONS FOR CHARACTER, L.C., FEATURE FILMS FOR FAMILIES, INC., AND STEPPING STONES ENTERTAINMENT, LLC TO RESPONSE FILED BY FIFTH THIRD BANK AND JOINDER THERETO OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE TO MOTION OF NOGUAR, L.C. ET AL. FOR RELIEF FROM THE AUTOMATIC STAY UNDER BANKRUPTCY CODE SECTION 362(d)(1) AND/OR IN THE ALTERNATIVE, IN ADDITION, FOR ABSTENTION**

Noguar, L.C., Phone Technologies, Inc., The Sharon O. Baker Trust, The Forrest S. Baker, III Trust, Forrest Baker, III, Corporations for Character, L.C., Feature Films For Families, Inc., and Stepping Stones Entertainment, LLC (collectively, the "Movants"), by way of Reply to the Response (the "Response to the Supplement") of Fifth Third Bank and the Joinder Thereto of David W. Carickhoff, Chapter 7 Trustee to Motion of Noguar, L.C. et al. for Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)(1) and/or in The Alternative, in Addition, For Abstention (the "Stay Relief Motion"), states as follows:

1.      Fifth Third Bank ("Fifth Third") and David W. Carickhoff, Chapter 7 Trustee ("Trustee"), by virtue of his Joinder to Fifth Third's Response to the Supplement to the Stay Relief Motion, wholly misperceives the nature of the Utah State Litigation and the relief sought by

---

[1] The Debtors are the following entities:  SFI Holding Company (15-11705), Strategic Fundraising, Inc. (15-11707), CallAssistant, LC (15-11708), CASF Commercial Company, LLC (15-11709), CASF Tech US, LLC (15-11710), CASF Holding Company, LLC (15-11711), Cebu Holding Company, LLC (15-11712), CASF Tech International, LLC (15-11713), Marketing Technologies Group, LLC (15-11714).

{M1435169.1}                                                                 1

Movants in those proceedings. Fifth Third and the Trustee mistakenly assert that Movants are claiming a security interest in the CallAssistant and Marketing Technology Debtors, as well as their assets.

2.  To the contrary, as is made clear by the Complaint attached to the Stay Relief Motion as Exhibit A, the Movants seek a declaratory judgment as to "reversion" of the CallAssistant/Marketing Technologies entities and entities, their businesses and assets.[2] By virtue of the clear provisions of the Definitive Purchase Agreement (attached to the Bills Motion For Summary Judgment which was attached as Exhibit B to the Supplement to Stay Relief at paragraphs 2B and 4L of the Definitive Purchase Agreement granting reversions rights), this is an issue of "contract law", not an issue raised under the Uniform Commercial Code. Accordingly, the Response filed by Fifth Third and the Joinder thereto by the Trustee misses the mark and addresses issues which are not at all implicated in the Stay Relief Motion.

3.  Indeed, these filings again highlight why the Stay Relief Motion must be granted. The contract remedies sought by Movants involve Utah State law which issues related thereto have been fully litigated (up to trial) in the Utah State Court where this matter should now proceed to trial without any further delay.

4.  Moreover, any rights which the Trustee may wish to assert in connection with any licensing agreements (specifically, the "Echo Sublicensing Agreement") listed as an executory contract on Schedule G of the Marketing Technologies "Amended Schedules" (Docket No. 53) have been rejected as a matter of law since not assumed within sixty (60) days of the bankruptcy

---

[2] As previously stated in the Supplement to the Stay Relief Motion filed by the Movants, and as made clear by the recent "amended" schedules filed by those two entities, Movants assert that CallAssistant and Marketing Technologies are alter egos. In addition, Movants assert that additional issues are raised in connection with these two entities involving fraudulent conveyance and/or bad faith.

{M1435169.1}                                        2

filing pursuant to 11 U.S.C. Section 365(d)(1). At this point, it cannot be considered an asset of the estate and any rights thereto should be determined in the Utah State Court.

5. Accordingly, Movants again respectfully request that relief be granted lifting the automatic stay to allow the Utah State Court litigation to proceed as previously argued in the submissions made by Movants herein.

WHEREFORE, Movants respectfully request that this Honorable Court grant the relief requested by Movants as set forth in the Stay Relief Motion.

Dated: October 23, 2015          By:     */s/ Tara L. Lattomus*
                                         Tara L. Lattomus, Esquire (Bar No. 3515)
                                         Eckert Seamans Cherin & Mellott, LLC
                                         222 Delaware Street, 7th Floor
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 574-7403
                                         Fax: (302) 574-7401
                                         tlattomus@eckertseamans.com

                                         and

                                         Luke McGrath, Esquire
                                         DUNNINGTON, BARTHOLOW & MILLER LLP
                                         1359 Broadway, Suite 600
                                         New York, New York 10018
                                         Telephone: 212-682-8811
                                         Facsimile: 212-661-7769
                                         lmcgrath@dunnington.com