# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STRATEGIC FUNDRAISING, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 15-11707 (KJC)<br><br>(Jointly Administered) |

## STATUS REPORT OF THE CHAPTER 7 TRUSTEE

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (collectively, the "Debtors"), hereby files this status report in the above-captioned chapter 7 cases:

1. On August 13, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee has been appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

2. The section 341(a) meeting of creditors was held on September 10, 2015.

3. At the outset of these cases, there were disputes among the Trustee, the Noguar Parties,[1] and the Debtors' pre-petition secured lender (the "Lender").

4. On July 11, 2016, the Court entered the *Order (A) Approving Settlement Among Chapter 7 Trustee, Noguar Parties and the Bank (B) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Terms of Asset Purchase Agreement Free and Clear of all Liens, Claims, Interests and Encumbrances, Pursuant to 11 U.S.C. Sections 105(a) and 363(b),(f)and (m); (C) Designating the Buyer as a Good Faith Buyer in Accordance with Section 363(m) and*

---

[1] The Noguar Parties are: Noguar, L.C., Phone Technologies, Inc., The Sharon O. Baker Trust, The Forrest S. Baker, III Trust, Forrest Baker, III, Corporations for Character, L.C., Feature Films For Families, Inc., and Stepping Stones Entertainment, LLC.

*(D) Approving the Sale Agreement* [Dkt. No. 126] (the "Sale and Settlement Order").  The Sale and Settlement Order approved a global settlement among the Trustee, the Noguar Parties, and the Lender, which included resolution of adversary proceedings filed by the Trustee and the Noguar Parties (Adv. Pro. Nos. 15-51907 and 15-51910).

5. In addition, as approved by the Sale and Settlement Order, the Trustee sold certain assets to the Noguar Parties.  The purchase price for the assets consisted of (i) an upfront cash payment and (ii) a percentage of the gross recoveries on certain claims assigned to the Noguar Parties (the "Assigned Claims").  As of the filing of this Status Report, the estates have not yet received any recoveries on the Assigned Claims.[2]

6. On or about August 10, 2017, the Trustee commenced seven adversary proceedings seeking, *inter alia*, to avoid and recover preferential transfers pursuant to section 547 of the Bankruptcy Code (the "Avoidance Actions").  Each of the Avoidance Actions has been resolved pursuant to settlement agreements previously approved by the Court.  The Trustee has received all amounts owed pursuant to such settlement agreements.

7. On August 11, 2017, the Trustee commenced an adversary proceeding against the Debtors' pre-petition accounting firm (the "Accountant Action").  Mediation held on September 24, 2018, resulted in a resolution of the Accountant Action.  On November 9, 2018, the Court entered an Order approving the Trustee's settlement with the accounting firm.  The Trustee has received all amounts owed pursuant to the settlement agreement.

8. On August 27, 2015, Kody Schmitt and Stacy A. Sprague, on behalf of themselves and a class of similarly situated former employees of Debtor Strategic Fundraising, Inc. commenced an adversary proceeding for alleged violations of the WARN Act (the "WARN

---

[2] Regardless of the outcome of litigation, pursuant to the Sale and Settlement Order, the estates are entitled to a guaranteed minimum recovery of at least $65,000 from the Noguar Parties on account of the Assigned Claims.

Adversary Proceeding"). The WARN Adversary Proceeding remains pending. The Trustee and the plaintiffs have continued to extend the Trustee's answer deadline in an effort to avoid litigation until such time as it is clear what estimated recoveries, if any, for creditors may be. The Trustee' answer deadline in the WARN Adversary Proceeding is currently May 30, 2019.

9. At present, the Trustee is primarily focused on monitoring progress, and the potential for recovery, on the Assigned Claims.

Dated:  March 21, 2019

By: */s/ Alan M. Root*
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
ARCHER & GREINER, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
(302) 777-4350
(302) 777-4352 (fax)
aroot@archerlaw.com

*Counsel to David W. Carickhoff,
Ch. 7 Trustee*

216155723v1